UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OSCAR WHEELER,

    Plaintiff,

v.                                                CASE NO. 8:18-cv-508-T-23MAP

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

A rampaging bull injured Ronald Wynn while he unloaded hay from Oscar Wheeler's truck. Wynn sued Wheeler for negligently failing to restrain the bull and submitted a claim to Progressive, which insured Wheeler's truck under a policy (Doc. 2 at 11–32) that covered up to $50,000 of bodily injury. Progressive asserted that the automobile policy excludes a "violent" attack by a bull and refused to defend or indemnify Wheeler against Wynn's negligence claim. In accord with an arbitral decision, the Circuit Court for Pasco County entered judgment in the amount of $300,000 for Wynn and against Wheeler. In this action, Wheeler sued (Doc. 2) Progressive in the Circuit Court for Hillsborough County for a declaratory judgment (count one) that the automobile policy covers injury from the bull attack and that Progressive breached the automobile policy (count two).

Attempting to invoke diversity jurisdiction, Progressive removed (Doc. 1) the action and asserted that Wheeler "seeks damages in excess of $300,000." In fact, the complaint never mentions a sum of $300,000 or greater. Rather, the first paragraph alleges that "[t]his is an action for damages that exceeds $15,000." But in the insurance policy — a written instrument that Wheeler attached as an exhibit to the complaint — Progressive agreed to pay no more than $50,000 per bodily-injury claim. (Doc. 2 at 10) Under Rule 10(c), Federal Rules of Civil Procedure, a written instrument appended to the complaint "is a part of the pleading for all purposes." To the extent the allegation of damages "exceed[ing] $15,000" conflicts with the insurance policy incorporated into the complaint, the insurance policy controls. *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."). Because Wheeler, who alleges that Progressive agreed under the insurance policy to pay no more than $50,000 for a bodily-injury claim, cannot recover more than $75,000 in this breach-of-contract action, Progressive fails to invoke diversity jurisdiction.[1] *See, e.g.*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 ("[I]f [the] plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.") (quoting Wright & Miller, *Federal*

---

[1] Wheeler requests that Progressive reimburse Wheeler for the attorney's fee incurred in this action and in Wynn's negligence action. Under the insurance policy Progressive agrees to pay an attorney only if retained by Progressive (Doc. 2 at 14), but Wheeler alleges that Progressive refused to defend Wheeler (that is, Progressive retained no attorney to defend Wheeler). Because nothing in the policy permits Wheeler to recover an attorney's fee for Progressive's alleged breach of contract, an attorney's fee cannot contribute to the amount in controversy.

*Practice and Procedure*, Vol. 14(a), § 3702 (2d ed. 1986)).[2] The action is **REMANDED** to the Circuit Court for Hillsborough County, and the clerk is directed to **CLOSE** this case.

ORDERED in Tampa, Florida, on March 26, 2018.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Although in a bad-faith action the amount in controversy might exceed $75,000, the complaint alleges no bad-faith claim. (In any event, Wheeler cannot state a claim for bad faith because no action establishes Progressive's duty to cover Wheeler; this action is the coverage action, which must precede the bad-faith action).